## Benjamin Osineski, Plaintiff in Error, v. Consolidated Coal Company of St. Louis, Defendant in Error.

1. JUDGMENTS—*motion for arrest after term too late.* A motion for arrest of final judgment made long after the adjournment of the term at which the judgment was entered is too late, the court having lost jurisdiction and control of the cause.

2. APPEAL AND ERROR—*necessity for timely filing of bill of exceptions.* On error the Appellate Court cannot review questions concerning the granting of a motion to set aside a default or concerning instructions given in the case or any other matters occurring during the trial where no bill of exceptions embodying such matters was filed within the time allowed by the court.

3. APPEAL AND ERROR—*loss by limitations of right to writ of error.* The right to sue out a writ of error is barred by the statutory limitation, Cahill's Ill. St. ch. 110, ¶ 117, where the final judgment was rendered more than two years prior to the date on which plaintiff sued out the writ.

Error by plaintiff to the Circuit Court of Macoupin county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1922. Dismissed. Opinion filed October 25, 1922.

R. F. TUNNELL, JR., for plaintiff in error.

A. H. BELL and WHITNEL & WHITNEL, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

The plaintiff in error, Benjamin Osineski, brought this suit March 19, 1917, in the circuit court of Macoupin county against the defendant in error, the Consolidated Coal Company of St. Louis, to recover damages for injuries received as the result of alleged negligence. The declaration was filed in April, 1917, and on September 7 following, a default for want of a plea was entered against the defendant. The defendant thereupon made a motion to set aside the

default and for leave to plead, which motion was supported by an affidavit and the motion was granted. Thereupon the defendant pleaded to the declaration, and after the pleadings in the case had been settled and the cause was at issue, there was a jury trial which resulted in a verdict finding the defendant not guilty. This trial occurred February 20, 1918. The plaintiff in error thereupon made a motion for a new trial, which the court overruled on March 24 following, and on the same day entered a judgment in bar of the suit. The plaintiff in error thereupon prayed an appeal to the Appellate Court of this district, which was allowed upon condition that he file an appeal bond in the sum of $500, and he was allowed ninety days in which to file a bill of exceptions. This appeal, however, was not perfected and no bill of exceptions was filed within the time fixed by the court. Thereafter at the June term, 1921, more than two years after the final judgment had been rendered, the plaintiff in error made a motion in arrest of judgment, which was denied by the court. Thereupon the plaintiff in error again prayed an appeal, which was allowed but not perfected. Then this writ of error was sued out to review the proceedings had in the trial court.

By the well-established practice in this State, the purpose and effect of a motion in arrest of final judgment is to arrest the entry of the judgment, and the motion comes too late after the term at which the judgment was entered has adjourned. The court loses jurisdiction and control over the cause, for the purpose of reopening the judgment to enter a motion in arrest, after the adjournment of the term. The motion in arrest was therefore properly denied. The plaintiff in error is not in position to raise any questions concerning the granting of a motion to set aside the default, nor concerning the instructions given in the case, nor with reference to any other matters oc-

curring at or during the trial; none of these matters can be reviewed by this court at this time, because there is no bill of exceptions embodying the matters referred to, filed within the time allowed by the court. *People v. Strauch,* 247 Ill. 220; *People v. Glasgow,* 301 Ill. 394; *People v. Fling,* 303 Ill. 215. Moreover, the plaintiff in error's right to sue out a writ of error is barred by the limitation fixed by the statute, more than two years having expired from the date of the rendition of the final judgment. Cahill's Ill. St. ch. 110, ¶ 117. The writ of error is therefore dismissed.

*Writ of error dismissed.*